FILED

MAY - 6 2010

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH SCRASE, | No. C 10-1768 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| JOHN VAUGHN, | |
| Defendant. | (Docket No. 2) |

## INTRODUCTION

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a plaintiff proceeding pro se. She has also applied for leave to proceed in forma pauperis.

Although the complaint relates to a conviction obtained in the California courts in 2005, plaintiff currently resides in Nevada and it appears from her complaint and application to proceed in forma pauperis that she is no longer incarcerated. As a consequence, she is not subject to the Prisoner Litigation Reform Act. *See* 28 U.S.C. 1915, 1915A.

## ANALYSIS

### A. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff claims that defendant, a public defender, violated her constitutional rights while representing her in state court criminal proceedings. She alleges that she was convicted in state court in 2005 of violating probation. She indicates that challenges to her conviction on direct and collateral appeal have failed. She alleges that defendant violated her constitutional rights because he was inadequately prepared, failed to interview witnesses, and failed to present evidence favorable to her.

A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *accord Vermont v. Brillon*, 129 S. Ct. 1283, 1291-92 (2009). It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under *Polk County*. *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc). As defendant was not acting under color of state law, plaintiff's complaint fails to state a cognizable claim under Section 1983 and must be dismissed.

Even if plaintiff were suing defendant for merely administrative or investigative acts, which may not be subject to the general rule in *Polk County*, see *Polk County*, 454 U.S. at 324-25, plaintiff's claims are nevertheless barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). In *Heck*, the United States Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Ibid.* A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Ibid.*

When a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of her conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487. Plaintiff's claims that defendant violated her constitutional rights by providing deficient representation would, if true, render her state court conviction and sentence invalid. As it is clear from the complaint that the conviction has not been invalidated, the complaint fails to state a cognizable claim under section 1983 and must be dismissed. See *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

## CONCLUSION

For the reasons set out above, this action is **DISMISSED**. Good cause appearing, the application to proceed in forma pauperis (docket number 2) is **GRANTED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May ____, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\SCRASE1768.DSM.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JUDITH SCRASE,

        Plaintiff,

v.

JOHN VAUGHN et al,

        Defendant.

_____/

Case Number: CV10-01768 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 6, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Judith Scrase
X-15117
1492 Pawnee Drive
Las Vegas, NV 89169-3129

Dated: May 6, 2010

                              Richard W. Wieking, Clerk

                              *Susan Imbriani*

                              By: Susan Imbriani, Deputy Clerk